UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **EDWARD C. HUGLER,** Acting Secretary of Labor, United States Department of Labor, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil action no.: 17-cv-10759 |
| **NEW BEGINNING ASSISTED LIVING, LLC**, a Michigan limited liability company, **d/b/a**, **CHANDLER RESIDENCE ASSISTED LIVING,** and **BRYON GARRET**, an individual, and **SHAHITA GARRET**, an individual ) ) ) ) ) ) ) ) ) | Equitable and legal relief sought |
| Defendants. ) | |

## COMPLAINT

Plaintiff, **EDWARD C. HUGLER**, Acting Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain defendants **NEW BEGINNING ASSISTED LIVING, LLC**, a Michigan limited liability company, d/b/a **CHANDLER RESIDENCE ASSISTED LIVING**, and **BRYON GARRET,** an individual,  and **SHAHITA GARRET**, an individual (hereinafter collectively "defendants"), from violating the provisions of sections 7, 11, and 15 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.)(hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing to defendants' employees together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

**I**

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c), 217, and 28 U.S.C. § 1345.

**II**

(A)     Defendant, **NEW BEGINNING ASSISTED LIVING, LLC** d/b/a **CHANDLER RESIDENCE ASSSITED LIVING** is and, at all times hereinafter mentioned, was a Michigan limited liability company with a business office at 722 Gladstone Avenue, Detroit, Michigan 48202, in Wayne County, Michigan within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in the operation of an adult foster care (AFC) residential facility at 509 Chandler Street, Detroit, Michigan 48202, in Wayne County, Michigan, also within the jurisdiction of this Court.

(B)     Defendant, **BRYON GARRET**, an individual, is an owner of corporate defendant **NEW BEGINNING ASSISTED LIVING, LLC.** At all times hereinafter mentioned, **BRYON GARRET** has and had an office at 722 Gladstone Avenue, Detroit, Michigan 48202, in Wayne County, Michigan, within the jurisdiction of this Court, and is and was engaged in the operation of an adult foster care (AFC) residential facility at 509 Chandler Street, Detroit, Michigan 48202, in Wayne County, Michigan, also within the jurisdiction of this Court. Defendant **BRYON GARRET** acted directly or indirectly in the interest of the aforesaid defendant company in relation to its employees within the meaning of section 3(d) of the Act. 29 U.S.C. § 203(d). Specifically, **BRYON GARRET** sets and enforces operating procedures, employment procedures, and pay practices.

(C)     Defendant, **SHAHITA GARRET**, an individual, is an owner of corporate defendant **NEW BEGINNING ASSISTED LIVING, LLC.** At all times hereinafter

2

mentioned, **SHAHITA GARRET** has and had an office at 722 Gladstone Avenue, Detroit, Michigan 48202, in Wayne County, Michigan, within the jurisdiction of this Court, and is and was engaged in the operation of an adult foster care (AFC) residential facility at 509 Chandler Street, Detroit, Michigan 48202, in Wayne County, Michigan, also within the jurisdiction of this Court.   Defendant **SHAHITA GARRET** acted directly or indirectly in the interest of the aforesaid defendant company in relation to its employees within the meaning of section 3(d) of the Act.  29 U.S.C. § 203(d).  Specifically, **SHAHITA GARRET** is actively involved in the day-to-day management of the defendant company, serves as the point of contact for pay records pertaining to the business, and sets and enforces operating procedures and pay practices.

### III

Defendant **NEW BEGINNING ASSISTED LIVING, LLC** d/b/a **CHANDLER RESIDENCE ASSSITED LIVING**, is, and at all times hereinafter mentioned, was engaged in the operation of institutions primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institutions. As such, **NEW BEGINNING ASSISTED LIVING, LLC** is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(s)(1)(B) of the Act.

### IV

Defendants repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act by employing employees who in workweeks were engaged in the care of the sick, the aged, or the mentally ill or defective, or who were employed in an enterprise engaged in the care of the sick, the aged, or the mentally ill or defective, within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours without compensating said

employees for their employment in excess of forty (40) hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. 29 U.S.C. § 207, 215(a)(2). The overtime violations resulted from the Defendants paying all hourly employees, engaged as direct care workers for home residents, their regular rate for all hours worked and never paid an overtime premium for hours worked in excess of 40 in a workweek.

V

Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to employees and the regular rates at which they were employed. 29 U.S.C. §§ 211(c), 215(a)(5).

VI

During the period since April 2, 2014, defendants have violated the provisions of the Act as set forth above. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of any unpaid overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act. 29 U.S.C. § 217.

**WHEREFORE**, cause having been shown, plaintiff prays for judgment against defendants as follows:

**A.** For an Order pursuant to section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

**B.** For an Order:

**1.** pursuant to section 16(c) of the Act, 28 U.S.C. § 216(c), finding defendants liable for unpaid overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

**2.** pursuant to section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding payment of unpaid overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

**C.** For an Order awarding plaintiff the costs of this action; and

**D.** For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**NICHOLAS C. GEALE**
Acting Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor


s/ David J. Tanury_____
**DAVID J. TANURY**
Attorney

**Local Counsel:**

**BARBARA L. McQUADE**
United States Attorney


**PETER A. CAPLAN**
Assistant U.S. Attorney

| | |
|---|---|
| United States Attorney's Office | Attorneys for **EDWARD C. HUGLER**, Acting Secretary of Labor, United States Department of Labor, Plaintiff |
| 211 W. Fort Street, Ste. 2001 | OFFICE OF THE SOLICITOR |
| Detroit, MI 48226 | 230 South Dearborn Street, Rm. 844 |
| Telephone No.: 313.226.9784 | Chicago, Illinois 60604 |
| P-30643 | Telephone No.: 312.353.4454 |
| Peter.caplan@usdoj.gov | Tanury.david.j@dol.gov |